**The STATE of Texas, Appellant,**

**v.**

**Pedro CAMACHO, Appellee.**

**No. 04-91-00435-CR.**

Court of Appeals of Texas,
San Antonio.

Feb. 28, 1992.

Rehearing Denied March 26, 1992.

Steven C. Hilbig, Jesse Sepulveda, and Robert C. Richardson, Crim. Dist. Attys., San Antonio, for appellant.

Allen F. Cazier, Barbour, Cazier & Fox, San Antonio, for appellee.

Before BUTTS, PEEPLES and CARR, JJ.

## OPINION

PEEPLES, Justice.

Pedro Camacho was indicted for driving while intoxicated, enhanced to a felony by two prior convictions for the same offense. The trial court quashed the indictment and the State appeals. We reinstate the indictment and remand the cause for further proceedings.

Camacho was convicted of driving while intoxicated in 1986. Three years later, in February 1989, he pleaded guilty to a second DWI charge and was convicted again. His sentence was probated and he did not appeal the conviction. In February 1990 he was again arrested for DWI, and because of the two prior convictions he was indicted for felony DWI. See TEX.REV.CIV.STAT. ANN. art. 6701l–1(e). After a hearing in August 1991, the court granted the state's motion to revoke the probation Camacho had received for the second offense. A few days later Camacho appealed that revocation order. Later, on Camacho's motion, the trial court quashed the indictment in the present case on the ground that one of the prior convictions used to enhance the charge was on appeal and was not final. We disagree with the trial court's interpretation of the law.

The general rule is that convictions being appealed and convictions resulting in probated sentences are not final for enhancement purposes. See Jones v. State, 711 S.W.2d 634, 636 (Tex.Crim.App.1986) (appeal); Ex parte Murchison, 560 S.W.2d 654, 656 (Tex.Crim.App.1978) (probation). But in article 6701l–1(h), the legislature has mandated that a DWI conviction, for which probation is given, is final for purposes of enhancing subsequent DWI offenses,[1] subject to exceptions not involved here. See article 6701l–1(i).

Camacho has appealed the revocation order, not the underlying conviction. After he pleaded guilty in February 1989, any appeal rights he had under TEX.R.APP.P. 40(b) expired when he failed to exercise them within the time allowed. TEX. R.APP.P. 41(b). A successful appeal of the order revoking probation would simply return Camacho to probation; the conviction itself would be unaffected. See Puckett v. State, 801 S.W.2d 188, 194–95 (Tex.App.— Houston [14th Dist.] 1990, pet. ref'd), cert. denied, —— U.S. ——, 112 S.Ct. 606, 116 L.Ed.2d 629 (1991); Smola v. State, 736 S.W.2d 265 (Tex.App.—Austin 1987, no pet.); Evans v. State, 690 S.W.2d 112, 114– 15 (Tex.App.—El Paso 1985, pet. ref'd). Thus, even though Camacho's appeal of the revocation order was pending at the time of the revocation hearing,[2] the underlying conviction was a final conviction available for enhancement purposes under article 6701l–1(h).

The order quashing the indictment is reversed. We reinstate the indictment and

---

1. See TEX.REV.CIV.STAT.ANN. art. 6701l–1(h) (Vernon Supp.1992):

   For the purposes of this article, a conviction for an offense that occurs on or after January 1, 1984, is a final conviction, whether or not the sentence for the conviction is probated.

2. This court recently affirmed the revocation order in an unpublished opinion. Camacho v. State, No. 04–91–00400–CR (Tex.App.—San Antonio, Dec. 31, 1991, no pet. h.).

remand the cause to the trial court for further proceedings.