COURT OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-03-419-CR

 

 

ELOY EARL OGAZ, JR.                                                         APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM CRIMINAL
DISTRICT COURT NO. 4 OF TARRANT COUNTY

 

                                             --------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








A jury found Appellant Eloy Earl Ogaz, Jr. guilty
of felony driving while intoxicated (DWI), and the trial court sentenced him to
three years= confinement.  Appellant timely appealed.  Appellant=s
court-appointed appellate counsel has filed a motion to withdraw as counsel and
a brief in support of that motion.  In
the brief, Appellate Counsel avers that, in his professional opinion, this
appeal is frivolous.  Appellate Counsel=s brief
and motion meet the requirements of Anders v. California[2]
by presenting a professional evaluation of the record demonstrating why there
are no reversible grounds on appeal and referencing any grounds that arguably
might support the appeal.[3]  Appellate 
Counsel presents a discussion of ten potential sources of error,
explaining why they are not meritorious.[4]

We deny Appellant=s pro se
motion seeking our review of evidence not in the appellate record.  Appellant has also filed a pro se brief, in
which he raises thirteen issues.  Ten of
the issues focus on the felony enhancement paragraph in the indictment and the
underlying judgments of the two prior offenses. 
The three remaining issues complain that his trial counsel rendered
ineffective assistance of counsel by not objecting to the testimony of Samantha
Valosek and that the trial court abused its discretion by ignoring Appellant=s pro se
pretrial applications for writs of habeas corpus and by not ordering an
inspection of the grand jury testimony.

 








After an appellant=s
court-appointed counsel files a motion to withdraw on the ground that the
appeal is frivolous and fulfills the requirements of Anders, we are
obligated to undertake an independent examination of the record and to
essentially rebrief the case for Appellant to see if there is any arguable
ground that may be raised on his behalf.[5]  Our independent review of the record shows
that there is no error that arguably might support an appeal or require
reversal.  Because we agree with
Appellate Counsel that Appellant=s appeal
is wholly frivolous, we grant Appellate Counsel=s motion
to withdraw and affirm the trial court=s
judgment.

I.  Jurisdiction and the Indictment

The first potential ground of error discussed by
Appellate Counsel concerns the validity of the indictment and the trial court=s denial
of Appellant=s pro se motion to set aside the
indictment.  Similarly, Appellant raises
several arguments in his pro se brief related to the two prior convictions
alleged in the felony enhancement paragraph, contending ultimately that the trial
court lacks jurisdiction over his case because of the alleged deficiencies in
the indictment.








We initially point out that the trial court in
this case has concurrent original jurisdiction with the county criminal courts
in Tarrant County over misdemeanor cases;[6]
consequently, even if the indictment were defective regarding the felony
enhancement paragraph, the trial court would still have jurisdiction over the
remaining misdemeanor DWI.[7]  Our review of the record reveals no
jurisdictional errors.  The indictment
conferred jurisdiction on the trial court and provided Appellant with
sufficient notice to prepare a defense.[8] The felony enhancement paragraph alleges two prior
DWIs, one a DWI repetition, for which judgments were entered on the same day
and in the same court but in different causes and for which Appellant received
concurrent sentences.  Appellant=s
community supervision in the two cases was later revoked, and he was sentenced
to confinement in jail.  The trial court
in this case admitted the judgments and supporting documents of the two prior
offenses, which are properly authenticated and certified.













Appellant argues that the indictment is
insufficient because it alleges two prior convictions occurring on the same
date, not sequentially, and therefore he believes that the two prior
convictions should be treated as one conviction.  Section 49.09(b) of the Texas Penal Code does
not require the State to prove that the prior convictions occurred
sequentially.[9]  Appellant also argues that the two prior DWI
convictions were not final for enhancement purposes under section 49.09 because
he received probation in those cases. 
The Texas Penal Code specifically provides that prior probated sentences
can be used for enhancement under section 49.09.[10]  Appellant further argues that the indictments
should have alleged the date on which his probation in the prior cases was
revoked and should have relied on those judgments revoking probation, not the
older judgments of conviction.  Even
though his probation was revoked, the underlying convictions were final for
enhancement purposes, so the indictment referred to the proper dates and
judgments.[11]  Appellant also argues that the indictment is
insufficient because it uses the same prior convictions for both DWI
enhancement and for sentencing enhancement under section 12.42 of the Texas
Penal Code.[12]  The indictment does not contain a sentencing
enhancement allegation under section 12.42. 
Consequently, we hold that nothing in the indictment assailed the trial
court=s jurisdiction
and that the indictment is not defective.

To the extent that Appellant complains of
ineffective assistance of counsel concerning the indictment, his underlying
convictions, and the proof thereof, the record before us is not sufficient to
sustain the claim.[13]  A record sufficient to show ineffective
assistance of counsel can rarely be developed on direct appeal, especially when
no motion for new trial is heard.[14]

We overrule Appellant=s first
through sixth and eighth through eleventh issues and agree with Appellate
Counsel=s
determination that any complaints about the indictment would be frivolous.

II.  Pretrial Applications for Writs of Habeas
Corpus and Pretrial Motions








In his thirteenth issue, Appellant contends that
the trial court abused its discretion by ignoring his pretrial applications for
writs of habeas corpus, neither of which is in the appellate record.  The record reflects that Appellant was
represented by counsel on the dates that he claims the applications were
filed.  The trial court has discretion to
allow hybrid representation.[15]  A defendant is not entitled to hybrid
representation.[16]  Consequently, the trial court did not abuse
its discretion by failing to rule on the pretrial applications.  We overrule Appellant=s
thirteenth issue.

In his seventh issue, Appellant contends that the
trial court abused its discretion by not allowing or ordering an inspection of
grand jury testimony.  Our review of the
record shows that the trial court indicated that he would grant the motion if
any grand jury testimony was determined to exist; the State indicated that the
grand jury did not hear any live testimony in this case.  Appellant did not further pursue this
ruling.  Appellant=s
concern seems to be that the grand jury did not really indict him.  The indictment bears the signature of the
grand jury foreman.  We overrule
Appellant=s seventh issue.

The trial court ruled on all other pretrial
motions included in the appellate record except two pro se motions requesting
an investigator.  Again, the record shows
that Appellant had counsel when he filed the motions.  Consequently, the trial court did not abuse
its discretion by failing to rule.[17]








III.  Voir Dire

The second, third, and fourth potential grounds
of error concern voir dire.  Appellate
Counsel points out in the second and third potential grounds that Appellant
could complain that the trial court failed to sua sponte excuse certain
potential jurors for cause and that trial counsel was ineffective for not
challenging the potential jurors for cause. 
Only one of the potential jurors discussed, Sandra S., sat on the
jury.  The record shows that she
expressed some bias against alcohol drinking but that she unequivocally
answered Ayes@ to the
prosecutor=s question, ACan you
protect a defendant=s constitutional right and hold
me to my burden of proof?@ 
Thus, she was rehabilitated.[18]  Consequently, the trial court did not abuse
its discretion, and Appellant would be unable to prove ineffective assistance
on these grounds.








The fourth potential ground of error presents an
argument that the trial court erred by granting the State=s
challenges for cause.  A trial court=s
erroneous granting of the State=s
challenge for cause is reversible error only if it deprives the defendant of a
lawfully constituted jury.[19]  Nothing in the record indicates that the
jurors who determined Appellant=s guilt
were not qualified.  Consequently, we
agree with counsel that voir dire presented no meritorious issues for appeal.

IV.  Guilt-Innocence Phase

A.  Opening Statement

Our review of the State=s
opening statement reveals no objections. 
Consequently, if any error was present, it was not preserved.[20]

B. 
Sufficiency of the Evidence








We have reviewed the evidence, and Appellate
Counsel detailed it in his brief. 
Applying the appropriate standards of review,[21]
we join Appellate Counsel in concluding that the evidence is legally and
factually sufficient to support the jury=s
verdict.

C. 
Admissibility of the Evidence

1. 
Prosecutor as Fact Witness

The fifth and sixth potential grounds concern the
fact testimony of a Tarrant County prosecutor, Sam Williams, who served as an
Arlington police officer before joining the Tarrant County District Attorney=s office
and who was the investigating officer in this case.  The Texas Court of Criminal Appeals has
already addressed the propriety of admitting such testimony in a case involving
the same prosecutor testifying as a fact witness:

[T]he proper standard of
review here is whether the trial court abused its discretion in its implicit
finding that Williams was not acting in a dual role.

 

The court of appeals erred in applying Rule 3.08 because Williams did
not serve as an Aadvocate@ in the proceeding.  Williams testified about his personal
observations as a police officer, and his participation in the case extended no
further.  By taking no part in the case
as a lawyer for the Office of the District Attorney, Williams's only
role in the proceeding was as a fact witness. 
Thus, because Williams did not serve Adual roles@ as advocate and witness, the trial court
did not abuse its discretion in admitting his testimony.[22]








Additionally, this court has already held that the Texas Disciplinary
Rules of Professional Conduct do not preclude one lawyer from a district
attorney's office from prosecuting a criminal case in which another lawyer from
the same district attorney's office will testify as a fact witness.[23]  Consequently, we cannot say that the trial
court abused its discretion by failing to exclude the testimony or remove the
Tarrant County District Attorney=s
office, or, correspondingly, that trial counsel rendered ineffective assistance
by not objecting to the trial court=s
failure to do so.  We agree with
Appellate Counsel that the admission of this testimony presents no meritorious
issue for appeal.

2.  Testimony of Eyewitness








In his twelfth issue, Appellant contends that his
trial counsel rendered ineffective assistance by not objecting to Samantha
Valosek=s
testimony under rule 403.  Because she
was an eyewitness, Samantha=s
testimony that Appellant hit six cars while trying to exit the bar=s
parking lot went directly to the elements of the offense.  Appellant has not established that his trial
counsel should have lodged a rule 403 objection or that such an objection would
have been successful.  His chief
complaint appears to be that Samantha was lying and that his trial counsel
should have objected on that ground.  The
credibility of the testimony affects the weight of the evidence, not its
admissibility.[24]  We cannot say that Appellant has proved
ineffective assistance.[25]  We overrule Appellant=s
twelfth issue.

3. 
Noncustodial Statement








The seventh potential ground of error concerns the
admissibility of a statement that Appellant allegedly made during the
investigation before he was arrested. 
Williams testified that Appellant told him that he had had ten beers
within two hours.  Trial counsel objected
that the statement was custodial.  As
Appellate Counsel points out, however, such statements are not custodial.[26]  Further, the bulk of the evidence was
admitted elsewhere during trial, curing any error from the admission.[27]  Appellant admitted to drinking Aten
beers all day long@ on the videotape; and he
testified that he drank Ano more than ten beers@ between
approximately 12:00 to 12:30 in the afternoon until his arrest.  We agree with Appellate Counsel that the
admission of this statement was not an abuse of discretion.

4.  Diagram
of Scene

The eighth potential ground concerns the
admission of a diagram of the streets and parking lots in the area where the
offense was allegedly committed.  The
diagram is admittedly not drawn to scale. 
Trial counsel objected that while the prosecutor had said that the
diagram would aid the jury, he had not explained how.  The trial court overruled the objection.  The trial court had discretion to determine
that the diagram would aid the jury.[28]  We agree with Appellate Counsel=s conclusion
that no abuse of discretion occurred.

5. 
Videotape








The ninth and tenth potential grounds concern the
admissibility of the videotape.  The
ninth potential ground raises an issue on chain of custody. Appellant objected
that the video=s chain of custody had not been
established.  The trial court overruled
the objection.  Williams testified that
he had personal knowledge that the videotape was the actual videotape of the
intoxilizer room interview and that the videotape had not been altered in any
way.[29]  There was no evidence of tampering.  Without evidence of tampering, most questions
concerning care and custody of an item go to the weight of the evidence, not
its admissibility.[30]  We agree with Appellate Counsel that the tape
was properly authenticated and admitted.

The tenth potential ground concerns the
admissibility of Appellant=s
statements on the videotape after he was Mirandized.  During the pretrial hearing, Appellant=s trial
counsel objected to the audio portion of the videotape after Williams read the
warnings to Appellant on the ground that Appellant did not affirmatively waive
the rights before the officer continued questioning him.  The video shows that after Williams read
Appellant the warnings, Williams asked, AWill you
answer some questions about the case? 
Just general questions, that=s all
they are.  Will you be willing to do
that?@  Appellant responded, AWhat
would they be?@ 
Williams answered that he was about to read them to Appellant.  Appellant took no affirmative step to invoke
his right to counsel or his right to remain silent.[31]  Consequently, we agree with Appellate Counsel
that the trial court properly admitted Appellant=s
videotaped statements.








D.  Closing
Argument and Jury Charge

Our review of the closing argument and jury
charge reveals no reversible error.

V.  Punishment

The punishment assessed, three years=
confinement, is at the low end of  the
statutory range for this third-degree felony.[32]  We see no reversible error committed during
the punishment phase.

VI.  Conclusion

Our independent review of the record shows that
there is no arguably reversible error. 
We deny Appellant=s pro se motion seeking review
of evidence outside the record.  Because
we agree with Appellate Counsel that Appellant=s appeal
is wholly frivolous and because we have overruled all of Appellant=s
issues, we grant Appellate Counsel=s motion
to withdraw and affirm the trial court=s
judgment.

PER CURIAM

PANEL F:    DAUPHINOT, HOLMAN, and GARDNER, JJ.

DO NOT PUBLISH

Tex.
R. App. P.
47.2(b)

 

DELIVERED:  November 3, 2005








 











[1]See Tex. R. App. P. 47.4.





[2]386 U.S. 738, 87 S. Ct. 1396 (1967).





[3]See Mays v. State, 904 S.W.2d 920, 922-23 (Tex. App.CFort Worth 1995, no pet.).





[4]We commend Appellate Counsel for his excellent Anders
brief.





[5]See Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).





[6]See Tex. Gov=t Code Ann. ' 24.913
(Vernon 2004).





[7]See id.; Tex. Code Crim. Proc. Ann. art. 4.05
(Vernon 2005); Tex. Penal Code Ann.
' 12.04(a) (Vernon 2003).





[8]See Tex. Const. art.
V, ' 12; Tex. Code
Crim. Proc. Ann. art. 4.05; Tex.
Gov=t Code Ann. ' 24.913; Duron v. State, 956 S.W.2d 547, 550-51
(Tex. Crim. App. 1997).





[9]Tex. Penal Code Ann. ' 49.09(b) (Vernon Supp. 2005); Gibson v. State,
995 S.W.2d 693, 696-97 (Tex. Crim. App. 1999).





[10]Tex. Penal Code Ann. ' 49.09(d).





[11]See State v. Camacho, 827 S.W.2d 443, 444 (Tex. App.CSan Antonio 1992, no pet.).





[12]Tex. Penal Code Ann. ' 12.42 (Vernon Supp. 2005).





[13]See Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); Thompson
v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999); Hernandez v. State,
988 S.W.2d 770, 770 (Tex. Crim. App. 1999) (all providing standard of review
for ineffective assistance claims).





[14]Rylander v. State, 101 S.W.3d 107, 110-11 (Tex. Crim. App. 2003).





[15]Scarbrough v. State, 777 S.W.2d 83, 92 (Tex. Crim. App. 1989).





[16]Burgess v. State, 816 S.W.2d 424, 427-28 n.1 (Tex. Crim. App. 1991); Turner v.
State, 805 S.W.2d 423, 425 n.1 (Tex. Crim. App.), cert. denied, 502
U.S. 870 (1991).





[17]Burgess, 816
S.W.2d at 427-28 n.1; Turner, 805 S.W.2d at 425 n.1.





[18]See Feldman v. State, 71 S.W.3d 738, 747 (Tex. Crim. App. 2002) (holding that proponent of
challenge for cause does not meet his burden of proving that challenge is
proper until he has shown that potential juror understood the requirement of
the law and could not overcome her prejudice well enough to follow it).





[19]Jones v. State,
982 S.W.2d 386, 392 (Tex. Crim. App. 1998), cert. denied, 528 U.S. 985
(1999).





[20]See Tex. R. App. P. 33.1(a); Mendez v.
State, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004); Mosley v. State,
983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh=g), cert.
denied, 526 U.S. 1070 (1999).





[21]See Jackson
v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Burden
v. State, 55 S.W.3d 608, 612 (Tex. Crim. App. 2001); Dewberry v. State,
4 S.W.3d 735, 740 (Tex. Crim. App. 1999), cert. denied, 529 U.S. 1131
(2000) (all providing standard for legal sufficiency); Zuniga v. State,
144 S.W.3d 477, 481-82, 484-87 (Tex. Crim. App. 2004); Sims v. State, 99
S.W.3d 600, 603 (Tex. Crim. App. 2003); Cain v. State, 958 S.W.2d 404,
407 (Tex. Crim. App. 1997) (all providing standard for factual sufficiency).





[22]Powers v. State,
165 S.W.3d 357, 359 (Tex. Crim. App. 2005) (citation omitted).





[23]Stanley v. State, 880 S.W.2d 219, 221-22 (Tex. App.CFort Worth 1994, no pet.).





[24]Middlebrook v. State, 803 S.W.2d 355, 359 (Tex. App.CFort Worth 1990, pet. ref=d);
Nenno v. State, 970 S.W.2d 549, 562 (Tex. Crim. App. 1998).





[25]See Rylander,
101 S.W.3d at 110-11.





[26]Berkemer v. McCarty, 468 U.S. 420, 441-42, 104 S. Ct. 3138, 3151 (1984); State v.
Stevenson, 958 S.W.2d 824, 828-29 (Tex. Crim. App. 1997).





[27]See Ethington v. State, 819 S.W.2d 854, 858 (Tex. Crim. App. 1991).





[28]See Simmons v. State, 622 S.W.2d 111, 113 (Tex. Crim. App. 1981); Jackson v. State,
575 S.W.2d 567, 570 (Tex. Crim. App. 1979).





[29]See Tex. R. Evid. 901.





[30]Lagrone v. State, 942 S.W.2d 602, 617 (Tex. Crim. App.), cert. denied, 522 U.S.
917 (1997).





[31]See Dinkins v. State, 894 S.W.2d 330, 351 (Tex. Crim. App.), cert. denied, 516 U.S.
832 (1995).





[32]See Tex. Penal Code Ann. '
12.34(a) (Vernon 2003), ' 49.09(b)(2) (Vernon Supp. 2005).