Eloy Earl Ogaz, Jr. v. The State of Texas

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-419-CR

ELOY EARL OGAZ, JR. APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY

--------------

MEMORANDUM OPINION
(footnote: 1)

------------

A jury found Appellant Eloy Earl Ogaz, Jr. guilty of felony driving while intoxicated (DWI), and the trial court sentenced him to three years’ confinement.  Appellant timely appealed.  Appellant’s court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion.  In the brief, Appellate Counsel avers that, in his professional opinion, this appeal is frivolous.  Appellate Counsel’s brief and motion meet the requirements of 
Anders v. California
(footnote: 2) by presenting a professional evaluation of the record demonstrating why there are no reversible grounds on appeal and referencing any grounds that arguably might support the appeal.
(footnote: 3)  Appellate  Counsel presents a discussion of ten potential sources of error, explaining why they are not meritorious.
(footnote: 4)
 We deny Appellant’s pro se motion seeking our review of evidence not in the appellate record.  Appellant has also filed a pro se brief, in which he raises thirteen issues.  Ten of the issues focus on the felony enhancement paragraph in the indictment and the underlying judgments of the two prior offenses.  The three remaining issues complain that his trial counsel rendered ineffective assistance of counsel by not objecting to the testimony of Samantha Valosek and that the trial court abused its discretion by ignoring Appellant’s pro se pretrial applications for writs of habeas corpus and by not ordering an inspection of the grand jury testimony.

After an appellant’s court-appointed counsel files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of 
Anders
, we are obligated to undertake an independent examination of the record and to essentially rebrief the case for Appellant to see if there is any arguable ground that may be raised on his behalf.
(footnote: 5)  Our independent review of the record shows that there is no error that arguably might support an appeal or require reversal.  Because we agree with Appellate Counsel that Appellant’s appeal is wholly frivolous, we grant Appellate Counsel’s motion to withdraw and affirm the trial court’s judgment.

I.  Jurisdiction
 
and
 
the Indictment

The first potential ground of error discussed by Appellate Counsel concerns the validity of the indictment and the trial court’s denial of Appellant’s pro se motion to set aside the indictment.  Similarly, Appellant raises several arguments in his pro se brief related to the two prior convictions alleged in the felony enhancement paragraph, contending ultimately that the trial court lacks jurisdiction over his case because of the alleged deficiencies in the indictment.

We initially point out that the trial court in this case has concurrent original jurisdiction with the county criminal courts in Tarrant County over misdemeanor cases;
(footnote: 6) consequently, even if the indictment were defective regarding the felony enhancement paragraph, the trial court would still have jurisdiction over the remaining misdemeanor DWI.
(footnote: 7)  Our review of the record reveals no jurisdictional errors.  The indictment conferred jurisdiction on the trial court and provided Appellant with sufficient notice to prepare a defense.
(footnote: 8) The felony enhancement paragraph alleges two prior DWIs, one a DWI repetition, for which judgments were entered on the same day and in the same court but in different causes and for which Appellant received concurrent sentences.  Appellant’s community supervision in the two cases was later revoked, and he was sentenced to confinement in jail.  The trial court in this case admitted the judgments and supporting documents of the two prior offenses, which are properly authenticated and certified.

Appellant argues that the indictment is insufficient because it alleges two prior convictions occurring on the same date, not sequentially, and therefore he believes that the two prior convictions should be treated as one conviction.  Section 49.09(b) of the Texas Penal Code does not require the State to prove that the prior convictions occurred sequentially.
(footnote: 9)  Appellant also argues that the two prior DWI convictions were not final for enhancement purposes under section 49.09 because he received probation in those cases.  The Texas Penal Code specifically provides that prior probated sentences can be used for enhancement under section 49.09.
(footnote: 10)  Appellant further argues that the indictments should have alleged the date on which his probation in the prior cases was revoked and should have relied on those judgments revoking probation, not the older judgments of conviction.  Even though his probation was revoked, the underlying convictions were final for enhancement purposes, so the indictment referred to the proper dates and judgments.
(footnote: 11)  Appellant also argues that the indictment is insufficient because it uses the same prior convictions for both DWI enhancement and for sentencing enhancement under section 12.42 of the Texas Penal Code.
(footnote: 12)  The indictment does not contain a sentencing enhancement allegation under section 12.42.  Consequently, we hold that nothing in the indictment assailed the trial court’s jurisdiction and that the indictment is not defective.

To the extent that Appellant complains of ineffective assistance of counsel concerning the indictment, his underlying convictions, and the proof thereof, the record before us is not sufficient to sustain the claim.
(footnote: 13)  A record sufficient to show ineffective assistance of counsel can rarely be developed on direct appeal, especially when no motion for new trial is heard.
(footnote: 14)
 We overrule Appellant’s first through sixth and eighth through eleventh issues and agree with Appellate Counsel’s determination that any complaints about the indictment would be frivolous.

II.  Pretrial Applications for Writs of Habeas Corpus and Pretrial Motions

In his thirteenth issue, Appellant contends that the trial court abused its discretion by ignoring his pretrial applications for writs of habeas corpus, neither of which is in the appellate record.  The record reflects that Appellant was represented by counsel on the dates that he claims the applications were filed.  The trial court has discretion to allow hybrid representation.
(footnote: 15)  A defendant is not entitled to hybrid representation.
(footnote: 16)  Consequently, the trial court did not abuse its discretion by failing to rule on the pretrial applications.  We overrule Appellant’s thirteenth issue.

In his seventh issue, Appellant contends that the trial court abused its discretion by not allowing or ordering an inspection of grand jury testimony.  Our review of the record shows that the trial court indicated that he would grant the motion if any grand jury testimony was determined to exist; the State indicated that the grand jury did not hear any live testimony in this case.  Appellant did not further pursue this ruling.  Appellant’s concern seems to be that the grand jury did not really indict him.  The indictment bears the signature of the grand jury foreman.  We overrule Appellant’s seventh issue.

The trial court ruled on all other pretrial motions included in the appellate record except two pro se motions requesting an investigator.  Again, the record shows that Appellant had counsel when he filed the motions.  Consequently, the trial court did not abuse its discretion by failing to rule.
(footnote: 17)
III.  Voir Dire

The second, third, and fourth potential grounds of error concern voir dire.  Appellate Counsel points out in the second and third potential grounds that Appellant could complain that the trial court failed to sua sponte excuse certain potential jurors for cause and that trial counsel was ineffective for not challenging the potential jurors for cause.  Only one of the potential jurors discussed, Sandra S., sat on the jury.  The record shows that she expressed some bias against alcohol drinking but that she unequivocally answered “yes” to the prosecutor’s question, “Can you protect a defendant’s constitutional right and hold me to my burden of proof?”  Thus, she was rehabilitated.
(footnote: 18)  Consequently, the trial court did not abuse its discretion, and Appellant would be unable to prove ineffective assistance on these grounds.

The fourth potential ground of error presents an argument that the trial court erred by granting the State’s challenges for cause.  A trial court’s erroneous granting of the State’s challenge for cause is reversible error only if it deprives the defendant of a lawfully constituted jury.
(footnote: 19)  Nothing in the record indicates that the jurors who determined Appellant’s guilt were not qualified.  Consequently, we agree with counsel that voir dire presented no meritorious issues for appeal.

IV.  Guilt-Innocence
 
Phase

A.  
Opening Statement

Our review of the State’s opening statement reveals no objections.  Consequently, if any error was present, it was not preserved.
(footnote: 20)
B.  Sufficiency of the Evidence

We have reviewed the evidence, and Appellate Counsel detailed it in his brief.  Applying the appropriate standards of review,
(footnote: 21) we join Appellate Counsel in concluding that the evidence is legally and factually sufficient to support the jury’s verdict.

C.  Admissibility of the Evidence

1.  Prosecutor as Fact Witness

The fifth and sixth potential grounds concern the fact testimony of a Tarrant County prosecutor, Sam Williams, who served as an Arlington police officer before joining the Tarrant County District Attorney’s office and who was the investigating officer in this case.  The Texas Court of Criminal Appeals has already addressed the propriety of admitting such testimony in a case involving the same prosecutor testifying as a fact witness:

[T]he proper standard of review here is whether the trial court abused its discretion in its implicit finding that Williams was not acting in a dual role.

The court of appeals erred in applying Rule 3.08 because Williams did not serve as an “advocate” in the proceeding.  Williams testified about his personal observations as a police officer, and his participation in the case extended no further.  By taking no part in the case as a 
lawyer
 for the Office of the District Attorney, Williams's only role in the proceeding was as a fact witness.  Thus, because Williams did not serve “dual roles” as advocate 
and
 witness, the trial court did not abuse its discretion in admitting his testimony.
(footnote: 22)
Additionally, this court has already held that the Texas Disciplinary Rules of Professional Conduct do not preclude one lawyer from a district attorney's office from prosecuting a criminal case in which another lawyer from the same district attorney's office will testify as a fact witness.
(footnote: 23)  Consequently, we cannot say that the trial court abused its discretion by failing to exclude the testimony or remove the Tarrant County District Attorney’s office, or, correspondingly, that trial counsel rendered ineffective assistance by not objecting to the trial court’s failure to do so.  We agree with Appellate Counsel that the admission of this testimony presents no meritorious issue for appeal.

2.  Testimony of Eyewitness

In his twelfth issue, Appellant contends that his trial counsel rendered ineffective assistance by not objecting to Samantha Valosek’s testimony under rule 403.  Because she was an eyewitness, Samantha’s testimony that Appellant hit six cars while trying to exit the bar’s parking lot went directly to the elements of the offense.  Appellant has not established that his trial counsel should have lodged a rule 403 objection or that such an objection would have been successful.  His chief complaint appears to be that Samantha was lying and that his trial counsel should have objected on that ground.  The credibility of the testimony affects the weight of the evidence, not its admissibility.
(footnote: 24)  We cannot say that Appellant has proved ineffective assistance.
(footnote: 25)  We overrule Appellant’s twelfth issue.

3.  Noncustodial Statement

The seventh potential ground of error concerns the admissibility of a statement that Appellant allegedly made during the investigation before he was arrested.  Williams testified that Appellant told him that he had had ten beers within two hours.  Trial counsel objected that the statement was custodial.  As Appellate Counsel points out, however, such statements are not custodial.
(footnote: 26)  Further, the bulk of the evidence was admitted elsewhere during trial, curing any error from the admission.
(footnote: 27)  Appellant admitted to drinking “ten beers all day long” on the videotape; and he testified that he drank “no more than ten beers” between approximately 12:00 to 12:30 in the afternoon until his arrest.  We agree with Appellate Counsel that the admission of this statement was not an abuse of discretion.

4.  Diagram of Scene

The eighth potential ground concerns the admission of a diagram of the streets and parking lots in the area where the offense was allegedly committed.  The diagram is admittedly not drawn to scale.  Trial counsel objected that while the prosecutor had said that the diagram would aid the jury, he had not explained how.  The trial court overruled the objection.  The trial court had discretion to determine that the diagram would aid the jury.
(footnote: 28)  We agree with Appellate Counsel’s conclusion that no abuse of discretion occurred.

5.  Videotape

The ninth and tenth potential grounds concern the admissibility of the videotape.  The ninth potential ground raises an issue on chain of custody. Appellant objected that the video’s chain of custody had not been established.  The trial court overruled the objection.  Williams testified that he had personal knowledge that the videotape was the actual videotape of the intoxilizer room interview and that the videotape had not been altered in any way.
(footnote: 29)  There was no evidence of tampering.  Without evidence of tampering, most questions concerning care and custody of an item go to the weight of the evidence, not its admissibility.
(footnote: 30)  We agree with Appellate Counsel that the tape was properly authenticated and admitted.

The tenth potential ground concerns the admissibility of Appellant’s statements on the videotape after he was 
Mirandized
.  During the pretrial hearing, Appellant’s trial counsel objected to the audio portion of the videotape after Williams read the warnings to Appellant on the ground that Appellant did not affirmatively waive the rights before the officer continued questioning him.  The video shows that after Williams read Appellant the warnings, Williams asked, “Will you answer some questions about the case?  Just general questions, that’s all they are.  Will you be willing to do that?”  Appellant responded, “What would they be?”  Williams answered that he was about to read them to Appellant.  Appellant took no affirmative step to invoke his right to counsel or his right to remain silent.
(footnote: 31)  Consequently, we agree with Appellate Counsel that the trial court properly admitted Appellant’s videotaped statements.

D.  Closing Argument and Jury Charge

Our review of the closing argument and jury charge reveals no reversible error.

V.  Punishment

The punishment assessed, three years’ confinement, is at the low end of  the statutory range for this third-degree felony.
(footnote: 32)  We see no reversible error committed during the punishment phase.

VI.  Conclusion

Our independent review of the record shows that there is no arguably reversible error.  We deny Appellant’s pro se motion seeking review of evidence outside the record.  Because we agree with Appellate Counsel that Appellant’s appeal is wholly frivolous and because we have overruled all of Appellant’s issues, we grant Appellate Counsel’s motion to withdraw and affirm the trial court’s judgment.

PER CURIAM

PANEL F: DAUPHINOT, HOLMAN, and GARDNER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  November 3, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
386 U.S. 738, 87 S. Ct. 1396 (1967).

3:
See Mays v. State
, 904 S.W.2d 920, 922-23 (Tex. App.—Fort Worth 1995, no pet.).

4:
We commend Appellate Counsel for his excellent 
Anders
 brief.

5:
See Stafford v. State
, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).

6:
See 
Tex. Gov’t Code Ann.
 § 24.913 (Vernon 2004).

7:
See
 
id.
;
 Tex. Code Crim. Proc. Ann.
 art. 4.05 (Vernon 2005); 
Tex. Penal Code Ann.
 § 12.04(a) (Vernon 2003)
.

8:
See
 Tex. Const. 
art. V, § 12; 
Tex. Code Crim. Proc. Ann. 
art. 4.05; 
Tex. Gov’t Code Ann.
 § 24.913; 
Duron v. State
, 956 S.W.2d 547, 550-51 (Tex. Crim. App. 1997).

9:
Tex. Penal Code Ann.
 § 49.09(b) (Vernon Supp. 2005); 
Gibson v. State
, 995 S.W.2d 693, 696-97 (Tex. Crim. App. 1999).

10:
Tex. Penal Code Ann.
 § 49.09(d).

11:
See State v. Camacho
, 827 S.W.2d 443, 444 (Tex. App.—San Antonio 1992, no pet.).

12:
Tex. Penal Code Ann.
 § 12.42 (Vernon Supp. 2005).

13:
See Strickland v. Washington
, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); 
Thompson v. State
, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999);
 Hernandez v. State
, 988 S.W.2d 770, 770 (Tex. Crim. App. 1999)
 (all providing standard of review for ineffective assistance claims).

14:
Rylander v. State
, 101 S.W.3d 107, 110-11 (Tex. Crim. App. 2003).

15:
Scarbrough v. State
, 777 S.W.2d 83, 92 (Tex. Crim. App. 1989).

16:
Burgess v. State
, 816 S.W.2d 424, 427-28 n.1 (Tex. Crim. App. 1991); 
Turner v. State,
 805 S.W.2d 423, 425 n.1 (Tex. Crim. App.), 
cert. denied
, 502 U.S. 870 (1991).

17:
Burgess
, 816 S.W.2d at 427-28 n.1; 
Turner
, 805 S.W.2d at 425 n.1.

18:
See Feldman v. State
, 71 S.W.3d 738, 747 (Tex. Crim. App. 2002) (holding that proponent of challenge for cause does not meet his burden of proving that challenge is proper until he has shown that potential juror understood the requirement of the law and could not overcome her prejudice well enough to follow it).

19:
Jones v. State
, 982 S.W.2d 386, 392 (Tex. Crim. App. 1998), 
cert. denied
, 528 U.S. 985 (1999).

20:
See
 
Tex. R. App. P.
 33.1(a); 
Mendez v. State
, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004);
 Mosley v. State
, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh’g), 
cert. denied
,
 
526 U.S. 1070 (1999).

21:
See
 
Jackson v. Virginia
,
 
443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Burden v. State
, 55 S.W.3d 608, 612 (Tex. Crim. App. 2001); 
Dewberry v. State
, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), 
cert. denied
, 529 U.S. 1131 (2000) (all providing standard for legal sufficiency); 
Zuniga v. State
, 144 S.W.3d 477, 481-82, 484-87 (Tex. Crim. App. 2004); 
Sims v. State
, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003); 
Cain v. State
, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997) (all providing standard for factual sufficiency).

22:
Powers v. State
, 165 S.W.3d 357, 359 (Tex. Crim. App. 2005) (citation omitted).

23:
Stanley v. State
, 880 S.W.2d 219, 221-22 (Tex. App.—Fort Worth 1994, no pet.).

24:
Middlebrook v. State
, 803 S.W.2d 355, 359 (Tex. App.—Fort Worth 1990, pet. ref’d);
 Nenno
 
v. State
, 970 S.W.2d 549, 562 (Tex. Crim. App. 1998).

25:
See
 
Rylander
, 101 S.W.3d at 110-11.

26:
Berkemer v. McCarty
, 468 U.S. 420, 441-42, 104 S. Ct. 3138, 3151 (1984); 
State v. Stevenson
, 958 S.W.2d 824, 828-29 (Tex. Crim. App. 1997).

27:
See Ethington v. State
, 819 S.W.2d 854, 858 (Tex. Crim. App. 1991).

28:
See Simmons v. State
, 622 S.W.2d 111, 113 (Tex. Crim. App. 1981);
 Jackson v. State
, 575 S.W.2d 567, 570 (Tex. Crim. App. 1979).

29:
See
 
Tex. R. Evid.
 901.

30:
Lagrone v. State
, 942 S.W.2d 602, 617 (Tex. Crim. App.), 
cert. denied
, 522 U.S. 917 (1997).

31:
See Dinkins v. State
, 894 S.W.2d 330, 351 (Tex. Crim. App.), 
cert. denied
, 516 U.S. 832 (1995).

32:
See
 
Tex. Penal Code Ann.
 § 12.34(a) (Vernon 2003),
 § 49.09(b)(2) (Vernon Supp. 2005).